IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPCAITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1,<br><br>    Plaintiff,<br><br>v.<br><br>DIANE WHITE, EDNA LAWSON, and JUANITA EVERETT,<br><br>    Defendants. | §§§§§§§§§§§§§§§ Civil Action No. 6:23-cv-410 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for REO Trust 2017-RPL1 ("U.S. Bank" or "Plaintiff"), and files this *Original Complaint* against Diane White, Edna Lawson, and Juanita Everett ("Defendants") and shows:

**I.    PARTIES**

1.    U.S. Bank is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2.    Decedent Betty Louise White ("Decedent") was a borrower under a loan agreement. Decedent died on or about July 6, 2021. Upon information and belief, no probate is open for Decedent's estate in Bell County, Texas, the county where the subject Property is located or in the county in which she died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3.    Pursuant to Texas Estates Code §§ 101.001, 202.051, and 202.001, the heirs at law of the Decedent ("Heirs"), whether known or unknown, acquired all of the Decedent's estate,

including an undivided interest in the subject real property, immediately upon Decedent's death. Decedent's Heirs are each made a party in this proceeding.

4. Defendant Diane White is an alleged heir and biological daughter of Decedent. Diane White may be served with process at 1706 Aztec Trace, #A, Harker Heights, Texas 76548, or at any other place which she may be found. Summons is requested.

5. Defendant Edna Lawson is an alleged heir and biological daughter of Decedent. Edna Lawson may be served with process at 975 Osprey Drive, Melbourne, Florida 32940, or at any other place she may be found. Summons is requested.

6. Defendant Juanita Everett is an alleged heir and biological daughter of Decedent. Juanita Everett may be served with process at 1400 21st Street NE, Canton, Ohio 44714, or at any other place she may be found. Summons is requested.

## II. PROPERTY

7. This proceeding concerns the real property and improvements commonly known as 3104 Zephyr Road, Killeen, Texas 76543 (the "Property") and more particularly described as follows:

> LOT THREE (3), IN BLOCK TWELVE (12), OF ROSE ADDITION, 3RD UNIT, IN THE CITY OF KILLEEN, BELL COUNTY, TEXAS ACCORDING TO THE PLAT OF RECORD IN CABINET A, SLIDE 272-D, PLAT RECORDS OF BELL COUNTY, TEXAS.

## III. DIVERSITY JURISDICTION AND VENUE

8. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

9. Plaintiff is a trustee of a mortgage-securitization trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav.*

*Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). Plaintiff is a national banking association which is chartered and has its main office in Minnesota. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Minnesota for diversity purposes.

10. Defendant Diane White is an individual and citizen of the State of Texas.

11. Defendant Edna Lawson is an individual and citizen of the State of Florida.

12. Defendant Juanita Everett is an individual and citizen of the State of Ohio.

13. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

14. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

15. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Bell County Central Appraisal District values the Property at $88,411.00.

16. Venue is proper in the Western District of Texas, Waco Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Bell County, Texas.

### IV. FACTS

17. On or about November 20, 1998, for value received, Decedent Betty Louise White ("Borrower") executed that certain *Texas Home Equity Note (Cash Out- Fixed Rate- First Lien)* ("Note") in the original principal sum of $27,000.00 bearing interest at the rate of 11.250% per annum, originally payable to Firstplus Financial, Inc. as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A.**

18. Concurrently with the execution of the Note, Borrower executed a *Texas Home Equity Security Instrument (Cash Out- First Lien)* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Firstplus Financial, Inc., its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Bell County, Texas, in Book 3908, Page 549, Instrument No. 041909 on December 3, 1998. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

19. Subsequently Firstplus Financial Inc. transferred and assigned the Loan Agreement to Mortgage Electronic Registration Systems, Inc. The *Affidavit of Lost Assignment of Mortgage* was recorded in the Official Public Records of Bell County, Texas in Book 4905, Page 28, as Instrument No. 003575 on January 27, 2003. A true and correct copy of the Assignment is attached

hereto as **Exhibit C**.

20. Then Mortgage Electronic Registration Systems, Inc. transferred and assigned the Loan Agreement to Household Realty Corporation. The *Assignment of Mortgage* was recorded in the Official Public Records of Bell County, Texas in Volume 10513, Page 713, as Instrument No. 2018-27540 on July 3, 2018. A true and correct copy of the Assignment is attached hereto as **Exhibit D**.

21. Then Household Realty Corporation, by MTGLQ Investors, L.P., its Attorney-in-Fact transferred and assigned the Loan Agreement to MTGLQ Investors, L.P. The *Assignment of Deed of Trust* was recorded in the Official Public Records of Bell County, Texas in Volume 10071, Page 92, as Instrument No. 2017-21914 on May 30, 2017. A true and correct copy of the Assignment is attached hereto as **Exhibit E**.

22. Then MTGLQ Investors, L.P. transferred and assigned the Loan Agreement to Loan Acquisition Trust 2017-RPL1. The *Assignment of Deed of Trust* was recorded in the Official Public Records of Bell County, Texas in Volume 10415, Page 551, as Instrument No. 2018-14257 on April 10, 2018. A true and correct copy of the Assignment is attached hereto as **Exhibit F**.

23. Then Loan Acquisition Trust 2017-RPL1 transferred and assigned the Loan Agreement to REO Trust 2017-RPL1. The *Transfer and Assignment* was recorded in the Official Public Records of Bell County, Texas in Volume 10416, Page 830, as Instrument No. 2018-14438 on April 11, 2018. A true and correct copy of the Assignment is attached hereto as **Exhibit G**.

24. Subsequently REO Trust 2017-RPL1 transferred and assigned the Loan Agreement to Plaintiff. The *Transfer and Assignment* was recorded in the Official Public Records of Bell County, Texas as Instrument No. 2023021216 on May 17, 2023. A true and correct copy of the Assignment is attached hereto as **Exhibit H**.

25. Plaintiff is the current holder of the Note, endorsed in blank, and beneficiary of the

Security Instrument. It is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

26. On or about July 6, 2021, Decedent passed away. No probate was ever opened for her. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of her interest in the Property immediately upon her death—subject to the Loan Agreement debt owed to Plaintiff.

27. Under the terms of the Loan Agreement, the Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

28. The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

29. The Loan matured on January 1, 2020 and the full balance under the Loan is now due and payable. A notice of default was sent via certified mail to Borrower, in accordance with the Loan Agreement and the Texas Property Code on August 5, 2022. A true and correct copy of the notice of default is attached hereto as **Exhibit I**.

30. The default was not cured. *Notice of Acceleration of Loan Maturity* was sent via certified mail to Borrower at the Property's address in accordance with the Loan Agreement and the Texas Property Code on November 9, 2022. A true and correct copy of the notice of acceleration is attached hereto as **Exhibit J**.

31. In accordance with Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

32. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### V. CAUSE OF ACTION- DECLARATORY JUDGMENT

33. The foregoing paragraphs are incorporated by reference for all purposes.

34. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

### VI. CAUSE OF ACTION - ENFORCEMENT OF STATUTORY PROBATE LIEN

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

    a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

    b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

    c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

37. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## VII. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

38. The foregoing paragraphs are incorporated by reference for all purposes.

39. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired and/or have a potential interest in the Property subject to Decedent's debts.

40. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

## VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

41. The foregoing paragraphs are incorporated by reference for all purposes.

42. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

43. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Bell County, Texas where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

## IX. CAUSE OF ACTION - ATTORNEY'S FEES

44. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **VIVIAN N. LOPEZ**
    Texas Bar No. 24129029
    vlopez@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, PC**
    14160 North Dallas Parkway, Ste. 900
    Dallas, TX 75254
    Telephone: (214) 635-2650
    Facsimile: (214) 635-2686

    **ATTORNEYS FOR PLAINTIFF**