IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPCAITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1, <br><br> Plaintiff, <br><br> v. <br><br> DIANE WHITE, EDNA LAWSON, and JUANITA EVERETT, <br><br> Defendants. | § § § § § § § § § § § § § § § § Civil Action No. 6:23-cv-410-ADA-JCM |

## MOTION FOR FINAL DEFAULT JUDGMENT AND BRIEF IN SUPPORT THEREOF

Plaintiff U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for REO Trust 2017-RPL1 ("U.S. Bank" or Plaintiff") files this, its *Motion for Final Default Judgment and Brief in Support thereof*, and respectfully shows as follows:

### I. BACKGROUND

1. Plaintiff filed its Original Complaint against Defendants Diane White, Edna Lawson, and Juanita Everett on May 26, 2023. (ECF Document No. 1.)

2. Defendant Diane White was served on June 9, 2023, via personal service at 1706 Aztec Trace, #A Harker Heights, Texas 76548. (ECF Document No. 7.) Her answer or response to the Original Complaint was due on or before June 30, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

3. Defendant Edna Lawson was served with a copy of Plaintiff's Original Complaint by leaving a copy with Julius Lawson, a male resident over 18 years old, on June 9, 2023, at 975 Osprey Drive, Melbourne, Florida 32940. (ECF Document No. 6.) Her answer or response to the Original Complaint was due on or before June 30, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

4. Defendant Juanita Everett was served on June 8, 2023, via personal service at 1400 21st Street N.E., Canton, Ohio 44714. (ECF Document No. 5.) Her answer or response to the Original Complaint was due on or before June 29, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

5. Defendants have not answered or otherwise appeared in this action.

6. The Clerk of the Court entered default against Defendant Juanita Everett on July 5, 2023 (ECF Document No. 9.)

7. The Clerk of the Court entered default against Defendants Edna Lawson and Diane White on July 5, 2023 (ECF Document No. 10.)

8. Defendants are not in active-duty military status. *See* Exhibit A-1.

9. Plaintiff is entitled to an entry of default as to Defendants because they did not answer or otherwise defend the Original Complaint.

10. Now that the default has been entered against Defendants, Plaintiff now asks the Court to render default judgment against Defendants.

## II.   LEGAL STANDARD

11. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

### III.  ARGUMENT AND AUTHORITIES

12. The Court should render a default judgment against Defendants because they did not file a responsive pleading or otherwise defend the claims against them. Such default constitutes an admission by Defendants as to all allegations in the Original Complaint. The facts asserted in the Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendants have admitted the well-pleaded factual allegations therein and are "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

13. With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

14. Plaintiff does not seek monetary damages against Defendants, but instead seeks declaratory judgment that Plaintiff as the owner and holder of the Note, and beneficiary of the Security Instrument, it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 3104 Zephyr Road, Killeen, Texas 76543, and more particularly described as:

> LOT THREE (3), IN BLOCK TWELVE (12), OF ROSE ADDITION, 3RD UNIT, IN THE CITY OF KILLEEN, BELL COUNTY, TEXAS ACCORDING TO THE

PLAT OF RECORD IN CABINET A, SLIDE 272-D, PLAT RECORDS OF BELL COUNTY, TEXAS.

(The "Property"). Therefore, no hearing is necessary to establish Plaintiff's damages.

15. In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

16. The Complaint alleges that on or about November 20, 1998, Decedent Betty Louise White ("Decedent" or "Borrower") executed a *Texas Home Equity Note (Cash Out- Fixed Rate- First Lien)* in the principal amount of $27,000.00 ("Note"). [*See* ECF Docket No. 1 at ¶ 17].

17. Concurrently with the execution of the Note, Borrower executed a *Texas Home Equity Security Instrument (Cash Out- First Lien)* (the "Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Firstplus Financial, Inc., its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Bell County, Texas, in Book 3908, Page 549, Instrument No. 041909 on December 3, 1998. [*See* ECF Docket No. 1 at ¶ 18]. Plaintiff further alleges that it is the current holder of the blank endorsed Note with standing to enforce the terms of the Security Instrument. [*See* ECF Docket No. 1 at ¶ 25].

18. On or about July 6, 2021, Decedent passed away. Upon information and belief, no probate was ever opened for her. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Defendants as heirs, acquired all of her interest in the Property immediately upon her death, subject to the Loan Agreement debt owed to Plaintiff.

19. Borrower failed to abide by the terms of the Loan Agreement and make required payments under the same [*See* ECF Docket No. 1 at ¶ 29]. A notice of default was provided in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured.(*Id.*)

20. A *Notice of Acceleration of Loan Maturity* was sent via certified mail to Borrower at the Property's address in accordance with the Loan Agreement and the Texas Property Code on November 9, 2022. [*See* ECF Docket No. 1 at ¶ 30]. Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's non-judicial foreclosure claim.

21. Plaintiff requested reasonable and necessary attorney's fees against Defendants based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by the Borrower. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by the Defendants under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a final default judgment against Defendants on all claims asserted against them in Plaintiff's Original Complaint, and award Plaintiff the following relief:

a. Judgment against Defendants for court costs;

b. Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

    c.    Judgment declaring that Plaintiff is the owner and holder of the Note with standing to enforce the Security Instrument;

    d.    Judgment against Defendants declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

    e.    Judgment against Defendants declaring that Plaintiff, its successors and assigns, may proceed with non-judicial foreclosure of the Property pursuant to the Security Instrument and the Texas Property Code; and

    f.    Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Texas Bar No. 24129029
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

       The undersigned certifies that on July 6, 2023, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**Via CMRRR#9314 7699 0430 0109 6309 52 and U.S. Mail:**
Edna Lawson
975 Osprey Drive
Melbourne, Florida 32940

**Via CMRRR#9314 7699 0430 0109 6310 03 and U.S. Mail:**
Diane White
1706 Aztec Trace #A
Harker Heights, Texas 76548

**Via CMRRR#9314 7699 0430 0109 6310 27 and U.S. Mail:**
Juanita Everett
1400 21st Street NE
Canton, Ohio 44174

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**